**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Tanya Winters, | No. CV-24-00876-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Party, | |
| Defendant. | |

Pending before the Court is *pro se* Plaintiff Tanya Winters Application for Leave to Proceed in Forma Pauperis (Doc. 7), which the Court grants.  The Court will now proceed to screen Plaintiff's Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2) before it is allowed to be served.

**I.    Legal Standard**

The determination that Plaintiff may proceed *in forma pauperis* ("IFP") does not end the inquiry under 28 U.S.C. § 1915. When a party has been granted IFP status, the Court must review the complaint to determine whether the action:

(i)      is frivolous or malicious;

(ii)     fails to state a claim on which relief may be granted; or

(iii)    seeks monetary relief against a defendant who is immune from such relief.

*See* 28 U.S.C. § 1915(e)(2)(B).[1]  In conducting this review, "section 1915(e) not only

---

[1] "While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*, §1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners." *Long v. Maricopa Cmty. College Dist.*, 2012 WL 588965, at *1 (D. Ariz. Feb. 22, 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000) ("[S]ection 1915(e)

permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted). Rule 8(a) of the Federal Rules of Civil Procedure requires that:

> A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[2] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id.* at 557.

---

applies to all *in forma pauperis* complaints[.]"); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.") (citation omitted). Therefore, section 1915 applies to this non-prisoner IFP complaint.

[2] "Although the *Iqbal* Court was addressing pleading standards in the context of a Rule 12(b)(6) motion, the Court finds that those standards also apply in the initial screening of a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A since *Iqbal* discusses the general pleading standards of Rule 8, which apply in all civil actions." *McLemore v. Dennis Dillon Automotive Group, Inc.*, 2013 WL 97767, at *2 n. 1 (D. Idaho Jan. 8, 2013).

Where a complaint contains the factual elements of a cause, but those elements are scattered throughout the complaint without any meaningful organization, the complaint does not set forth a "short and plain statement of the claim" for purposes of Fed. R. Civ. P. 8. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988) (abrogated on other grounds by *Smith v. Spizzirri*, __ U.S. __, 144 S.Ct. 1173 (2024)). Thus, a complaint may be dismissed where it lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n.1 (9th Cir. 1997).

To determine whether a plaintiff has failed to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court applies the same standards as those required under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez*, 203 F.3d at 1127). The Court must accept all well-pleaded factual allegations as true and interpret the facts in the light most favorable to the plaintiff.  *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).  That rule does not apply, however, to legal conclusions.  *Iqbal*, 556 U.S. at 678.

As part of screening, the court must also examine whether or not the court has jurisdiction to hear the claim(s) alleged. This court is a limited jurisdiction court and has no jurisdiction beyond that conferred upon it by federal statute. *Brandt v. Bay City Super Mkt.*, 182 F. Supp. 937, 939 (N.D. Cal. 1960). Fed. R. Civ. P. 8(a)(1) requires that a complaint contain a "short and plain statement of the grounds for the court's jurisdiction." Further, the party asserting jurisdiction bears the burden of establishing jurisdiction. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). The United States Supreme Court has stated that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, the Court is obligated to evaluate its subject matter jurisdiction in each case and to dismiss a case when such jurisdiction is lacking.  *See Valdez v. Allstate Ins. Co.*, 372 F.3d

1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3). Unlike state courts, federal courts only have jurisdiction over certain cases, and the district court's limited jurisdiction for civil cases most often is invoked because the case presents either a question of federal law (federal question jurisdiction) or a significant controversy between citizens of different states (diversity jurisdiction). *See* 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction is inapplicable when any defendant is a citizen of the same state as Plaintiff. See 28 U.S.C. § 1332 (regarding diversity jurisdiction). Further, diversity jurisdiction requires that the amount in controversy exceed $75,000. *Id*. For federal question jurisdiction, 28 U.S.C. § 1331 provides that district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." The federal question jurisdiction statute, 28 U.S.C. § 1331, is applicable only when the plaintiff sues under a federal statute that creates a right of action in federal court. *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 807–12 (1986); *see also Utley v. Varian Assocs., Inc.*, 811 F.2d 1279, 1283 (9th Cir. 1987).

The Court is mindful that it must "construe *pro se* filings liberally when evaluating them under *Iqbal*." *Jackson v. Barnes*, 749 F.3d 755, 763–64 (9th Cir. 2014) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). In line with this principle, the Court must grant leave to amend if it appears that the plaintiff can correct the defects in the complaint. *Lopez*, 203 F.3d at 1130. However, if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate. *See Sylvia v. Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

**II.    Discussion**

Plaintiff titles her Complaint as a "Violation of Fair Labor Standards." (Doc. 1 at 1). She does not identify a defendant in either in her caption or the body of her Complaint. She alleges that in 1998 she worked at "FNF Construction"[3] as a traffic flagger and claims her employer has "fail[ed] to release automobile insurance." (*Id.*) She states, "an injured worker with insurance shall not have to pay/garnish automobile

---

[3] Plaintiff provides no other information with regard to "FNF Construction" other than to note that its address is in Arizona (Doc. 1 at 3).

insurance to pay toward the medical costs" and says "the one hundred thousand dollar insurance from vehicle shall be released immediately without costs." (*Id.* at 7). These facts alleged do not articulate a legally cognizable claim for relief under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq* ("FLSA"). Instead, the statements are disjointed and non-specific, and fail to comply with pleading standards.

The allegations also fail to show the Court has federal subject matter jurisdiction over the claims. First, the Court cannot conclude that it has diversity jurisdiction over the matter because it does not appear the parties are citizens of different states. *See* 28 U.S.C. § 1332. Instead, it appears that both Plaintiff and the presumed defendant FNF Construction are citizens of Arizona. (*See* Doc. 1 at 1–3). Second, as explained above, Plaintiff has failed to allege any claim arising under the FLSA or other federal law. The Court therefore does not have federal question jurisdiction over her Complaint. The Court will accordingly dismiss the Complaint.

## III.    Leave to Amend

In accordance with the well-settled law in this Circuit, because "it is not 'absolutely clear' that [Plaintiff] could not cure [the Complaint's] deficiencies by amendment," the Court will give her the opportunity to do so. *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (citations omitted); *see also Lopez*, 203 F.3d at 1131 (en banc) (internal quotation marks and citations omitted) (holding that a *pro se* litigant must be given leave to amend his complaint "if it appears at all possible that the plaintiff can correct the defect" in the complaint). It will dismiss the Complaint and grant leave for Plaintiff to file a first amended complaint within **thirty (30) days** from the date of entry of this Order. *See* Fed. R. Civ. P. 15(a)(2) (leave to amend should be "freely" given "when justice so requires[]").

Plaintiff's complaint must be amended to address the deficiencies identified above and she must clearly designate on the face of the document that it is the "First Amended Complaint." Plaintiff should tell her case's story in a short and plain manner then state each claim or cause of action a separate count, alleging facts that that satisfy all of the

elements of the claims she is bringing.

Plaintiff's amended complaint should follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv"). Examples of different types of complaints demonstrating the proper form can be found in the appendix of forms that is contained with the Federal Rules of Civil Procedure (forms 11–21).[4] This amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference. It must also clearly state the grounds for this Court's jurisdiction, either by bringing a federal cause of action or by showing how the Court may exercise its diversity jurisdiction. *See* Fed. R. Civ. P. 8(a)(1).

The Court recommends Plaintiff review the information available in the District Court's Handbook for Self-Represented Litigants, which is available online.[5] Plaintiff should also be aware that "an amended complaint supersedes the original complaint and renders it without legal effect[.]" *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Thus, after amendment, the Court will treat an original complaint as nonexistent. *Id.* at 925.

**IV.    Warning**

Plaintiff is advised that if she elects to file an amended complaint but fails to comply with the Court's instructions explained in this Order, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)). If Plaintiff fails to prosecute this action, or if she fails to comply with the rules or any court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

---

[4] Those forms as well as the Federal Rules of Civil Procedure and the Local Rules, as well as other information for individuals filing without an attorney may be found on the District Court's internet web page at www.azd.uscourts.gov/.

[5] The Handbook may be found at http://www.azd.uscourts.gov/handbook-self-represented-litigants.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is dismissed with leave to file a First Amended Complaint on or before **February 10, 2025**.

**IT IS FURTHER ORDERED** that if Plaintiff does not file a First Amended Complaint on or before **February 10, 2025**, the Clerk of Court shall dismiss this action without further order of this Court; and

**IT IS FINALLY ORDERED** that if Plaintiff elects to file a First Amended Complaint, it may not be served until and unless the Court issues an Order screening the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

Dated this 9th day of January, 2025.

Honorable Diane J. Humetewa
United States District Judge